(September 25, 1968)

■ In the Matter of LAWRENCE M. WYNNE, an Attorney, Respondent. SOLOMON A. KLEIN, Petitioner.— This proceeding was commenced against respondent and another attorney to discipline them for professional misconduct. By an order made on March 6, 1967, the proceeding was severed so as to permit it to continue separately against respondent Lawrence M. Wynne (the order also directed acceptance of the other respondent's resignation as a member of the Bar and directed his name to be struck from the roll of attorneys). This court has received (1) a paper executed by respondent Lawrence M. Wynne on July 30, 1968 which states that he resigns as an attorney and counselor at law and that he consents to the making of an order removing him from such office and striking his name from the roll of attorneys; and (2) his accompany-

ing affidavit, dated the same day, which recites *inter alia* that he withdraws his answer to the petition herein. The answer was a general denial of the charges contained in the petition. Another order was previously made herein on January 8, 1968 which suspended respondent from the practice of law until further order of this court and directed that his name be struck from the roll of attorneys and counselors at law, on the basis of a paper executed by him on December 22, 1967 which, in implementation of his agreement upon the opening of the hearing which this court had directed to be held herein before a Justice of the Supreme Court on November 23, 1966, consented to the making of said order. The hearing was adjourned on that day, no proof was adduced, and no further sessions of the hearing have been held. Respondent was admitted to the Bar by this court on October 15, 1958 under the name of Lawrence M. Weinberger. On September 18, 1967, in a criminal action pending in the Supreme Court, Queens County, based on the facts involved in this proceeding, respondent was convicted of the misdemeanor of fraudulent practices as a notary public (Executive Law, § 135-a, subd. 2), upon his plea of guilty. The charges against respondent, set forth in the petition herein, which now stand uncontested, are that respondent (1) in the years 1963 through 1966, in prosecuting certain damage claims, used the names of other persons as the attorneys for the claimants, without authorization therefor from said persons or the claimants; (2) in 1965 uttered three forged consents to substitution of attorneys in pending actions, with intent to defraud; (3) on February 8, 1966 falsely testified before the Judicial Inquiry on Professional Conduct that he had not rented office space in certain premises in Brooklyn for the practice of law; (4) in January, 1966 attempted to suborn perjury; (5) in April, 1964 forged the name of a client to a release and to an insurance company's draft (as an endorser) and converted $898, the client's share of the settlement proceeds; (6) on numerous occasions in the years 1963 through 1966 subscribed his name as a notary public to affidavits, although the purported affiants had not appeared before him and their signatures had been forged; (7) in the years 1963 through 1966 failed to deposit clients' settlement moneys into a special account; and (8) in the years 1963 through 1966 failed to file numerous statements of retainer and numerous closing statements in contingent fee negligence cases. The above-mentioned resignation of respondent Lawrence M. Wynne as a member of the Bar is accepted and directed to be filed; and said respondent's name is struck from the roll of attorneys and counselors at law, effective on the date of this decision. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.